UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SADAT AARON WADE,

        Plaintiff,

    v.

WARDEN GALIPEAU, *et al.*,

        Defendants.

CAUSE NO. 3:19-CV-831 DRL-MGG

OPINION AND ORDER

Sadat Aaron Wade, a prisoner without a lawyer, filed an Eighth Amendment complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune.

In his complaint, Mr. Wade alleges that he submitted a medical request on April 14, 2018 regarding a growth on the left side of his face. Dr. Jackson told him that it was a lipoma[1] but that he was unwilling to remove or treat it because it did not inhibit Mr. Wade's ability to eat and breathe. On August 20, 2019, Mr. Wade reported that the growth was causing him excruciating pain, and Dr. Jackson responded that he could not remove it at the Westville Correctional Facility. For his claims, Mr. Wade seeks money damages and injunctive relief.

Mr. Wade names Warden Galipeau and Dr. Liaw as the only defendants. "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to

---

[1] A lipoma is a "benign neoplasm of adipose tissue, composed of mature fat cells." STEDMANS MEDICAL DICTIONARY 508010.

support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Mr. Wade does not allege that any of the defendants were personally involved with his medical care for lipoma. Therefore, he cannot proceed on a claim for money damages.

Mr. Wade also seeks injunctive relief for a change in policy for lipoma treatment and his release from prison. Because the Prison Litigation Reform Act limits the court's authority to grant injunctive relief in this case, the injunctive relief, if granted, will be limited to ordering medical staff to treat his lipoma condition as required by the Eighth Amendment. *See Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). The Warden of the Westville Correctional Facility has both the authority and the responsibility to ensure that Mr. Wade receives the medical treatment to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the court will allow Mr. Wade to proceed against the Warden in his official capacity on an injunctive relief claim.

For these reasons, the court:

(1) GRANTS Sadat Aaron Wade leave to proceed on an injunctive relief claim against Warden Galipeau in his official capacity for the medical treatment for his lipoma condition to which he is entitled under the Eighth Amendment;

(2) DISMISSES Dr. Liaw and all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Warden Galipeau at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and,

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Galipeau to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Sadat Aaron Wade has been granted leave to proceed in this screening order.

SO ORDERED.

September 25, 2019                    *s/ Damon R. Leichty*
                                     Judge, United States District Court