UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SADAT AARON WADE EL,

   Plaintiff,

  v.             CAUSE NO. 3:19-CV-831-DRL-MGG

GALIPEAU,

   Defendant.

## OPINION AND ORDER

In screening the complaint under 28 U.S.C. § 1915A, the court allowed Plaintiff Sadat Aaron Wade El to proceed on his request for injunctive relief "against Warden Galipeau in his official capacity for the medical treatment for his lipoma condition to which he is entitled under the Eighth Amendment." ECF 5 at 2. Warden Galipeau has now moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(6) saying Mr. Wade El has presented "an impossible request [to] a non-medical defendant." ECF 11 at 1. Warden Galipeau argues that Mr. Wade El has not met his burden to obtain an injunction. He argues that Mr. Wade El merely disagrees with the medical treatment he received and that Warden Galipeau cannot provide a specific course of treatment for his condition.

Given that the court screens prisoner cases in part under a Rule 12(b)(6) standard, Warden Galipeau's motion is akin to a motion to reconsider, which is generally disfavored absent a manifest error of law or fact. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). Treated either as a motion to reconsider or a Rule 12(b)(6) motion, the operative standard for this pleading stage remains dispositive nonetheless: the court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

Mr. Wade El alleges that he has a growth on the left side of his face that a doctor has diagnosed as a lipoma. ECF 1 at 2. He claims that a physician saw him in April 2018 at which point the physician informed him that, because the lipoma is not cutting off his breathing or restricting his ability to eat, the facility was unwilling to remove it. *Id.* Although Mr. Wade El claims that "[a]ny lipoma is a form of cancer," *id.*, medically that is not usually the case. A lipoma is a lump of fat that grows in soft tissues; although classified as a tumor, it often is benign and non-cancerous. *See, e.g.*, Shane McTighe & Ivan Chernev, *Intramuscular Lipoma: A Review of the Literature*, 6(4) Orthop. Rev. 5618 (Oct. 27, 2014), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4274454/; *cf.* Ralli Massimo, M.D., *First, Rule Out Cancer: Giant Lipoma*, 131 Am. J. Med. 146-47 (Feb. 2018). Mr. Wade El also alleges that the growth began causing "excruciating pain" on August 20, 2019, and the physician said he could not remove it at the prison. ECF 1 at 2. Lipomas can become painful if they grow and press on nearby nerves or affect other parts of the body. *See supra*; *see also* Mayo Clinic, *Lipoma*, available at https://www.mayoclinic.org/diseases-conditions/lipoma/symptoms-causes/syc-20374470.

Accepting just the well-pleaded allegations as true, Mr. Wade El has alleged a serious medical condition that is causing him excruciating pain. If this has progressed since August 20, 2019 without treatment, the court cannot say—based just on the pleadings—that he has not stated a claim for relief under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 313 (7th Cir. 2011) ("chronic pain presents a separate objectively serious condition"); *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) (choice of easier and less efficacious treatment for an objectively serious medical condition of tooth pain can still amount to deliberate indifference). His allegations must be taken as true. Consequently, Warden Galipeau's claim that Mr. Wade El is already receiving adequate medical care at this preliminary stage of the case is without moment.

Warden Galipeau claims that the request for injunctive relief is "outside the scope of a prison warden, who is a non-medical professional and cannot dictate medical care." ECF 11 at 5. The warden

need not be involved in Mr. Wade El's treatment. In his official capacity, he is the "proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out." *Gonzalez*, 663 F.3d at 315. As the court has already held, and on this point of law the warden has cited no contrary authority to reconsider it, the warden has both the authority and responsibility to ensure that Mr. Wade El receives constitutionally adequate medical treatment under the Eighth Amendment. *Id.*

To be clear, if the record was not already, the court has not ordered any specific treatment and the court has not entered any injunctive relief. As the court explained before, any injunction that might be entered would need to be limited to ordering Mr. Wade El's receipt of constitutionally adequate medical care under the Eighth Amendment. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). In fact, the Prison Litigation Reform Act requires that any relief be narrowly drawn, extend no further than necessary, and be the least intrusive means to correct the violation. 18 U.S.C. § 3626(a)(1). To the extent that the warden argues his concern about a "specific type of treatment," or his inability to prescribe that, he did so unnecessarily (ECF 11 at 6). *See also Gonzalez*, 663 F.3d at 315. Nothing the court has said indicates that the court believes Mr. Wade El is entitled to a specific medical treatment or that the current treatment is constitutionally deficient. Whether Mr. Wade El has been unconstitutionally deprived of adequate medical treatment under the Eighth Amendment, and accordingly whether he is entitled to an injunction, are issues still to be decided. All the court has said, now twice, is that he has stated a claim upon which relief can be granted.

For these reasons, the court:

(1) DENIES Warden Galipeau's motion to dismiss (ECF 10);

(2) DENIES as MOOT Plaintiff's motions for extension of time to respond (ECF 13 & 15).

SO ORDERED.

February 11, 2020               *s/ Damon R. Leichty*
                                Judge, United States District Court